IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

M.G., L.J. AND F.C.

Plaintiffs,

v.

DAVID C. YOUNG,
ROBERT T. SMITH,
JOSEPH R. HUDSON,
MICHAEL CALLAWAY,
RAYMOND D. SCHULTZ,
in their individual capacities and
THE CITY OF ALBUQUERQUE,

Defendants.

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, TORT CLAIMS, DAMAGES, AND INJUNCTIVE RELIEF**

Plaintiffs M.G., L.J. AND F.C. through their counsel of record, Thomas J. Budd Mucci, bring this Complaint for violation of their civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C § 1983, and for torts under the New Mexico Tort Claims Act and state common law. Plaintiffs allege as follows:

**JURISDICTION AND VENUE**

This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. § 1343, with pendent jurisdiction over the state law claims. Venue is proper in this district, as Defendants Young, Smith, Hudson, Callaway and Schultz are New Mexico residents, and Defendant City of Albuquerque is a New Mexico municipality. All of the acts complained of occurred in New Mexico. Plaintiffs' causes of action arose in New Mexico.

**PARTIES**

1. Plaintiffs M.G., L.J. AND F.C. are individual citizens and residents of Bernalillo County, New Mexico.
2. Defendant David C. Young is an individual citizen and resident of Bernalillo County, New Mexico. At all times relevant to this Complaint, Defendant Young was acting under color of state law within the scope of his role as an agent of the City of Albuquerque.
3. Defendant Robert T. Smith is an individual citizen and resident of Bernalillo County, New Mexico. At all times relevant to this Complaint, Defendant Smith was acting under color of state law within the scope of this employment as a Sergeant or Lieutenant in the Special Investigations Division of the City of Albuquerque's Police Department.
4. Defendant Joseph R. Hudson is an individual citizen and resident of Bernalillo County, New Mexico. At all times relevant to this Complaint, Defendant Hudson was acting under color of state law within the scope of this employment as a Commander or Commanding Officer in the Special Investigations Division of the City of Albuquerque's Police Department.
5. Defendant Michael Callaway is an individual citizen and resident of Bernalillo County, New Mexico. At all times relevant to this Complaint, Defendant Callaway was acting under color of state law within the scope of his employment as a Deputy Chief of the City of Albuquerque's Police Department.
6. Defendant Raymond D. Schultz is an individual citizen and resident of Bernalillo County, New Mexico. At all times relevant to this Complaint, Defendant Shultz was

acting under color of state law within the scope of his employment as Chief of Deputy Chief of the City of Albuquerque's Police Department.

7. Defendants Young, Smith, Hudson, Callaway, and Schultz are sued in their individual capacities.

8. Defendant City of Albuquerque is a municipality and political subdivision of the State of New Mexico. Defendant City of Albuquerque is a person subject to suite under 42 U.S.C. § 1983 and a governmental entity subject to suit under state law.

## FACTUAL AND PROCEDURAL BACKGROUND

9. Defendants Smith, Hudson, Callaway, Schultz, and City of Albuquerque have never appointed, commissioned, or employed Defendant Young as a full-time salaried police officer or a certified part-time salaried police officer.

10. Defendants Smith, Hudson, Callaway, Schultz, and City of Albuquerque have never duly appointed or promoted Defendant Young to the position of detective.

11. Defendant Young has never been certified as a police officer in accordance with the requirements of New Mexico's Law Enforcement Training Act, N.M. Stat. Ann. §§ 29-7-1 to 29-7-13 (1978).

12. Since 1998, Defendant City of Albuquerque has employed Defendant Young to work an assigned shift as a civilian with the title of Fleet Manager of the Special Investigations Division (SID) of the Albuquerque Police Department (APD). His duties in that position do not include holding persons in custody who are accused of criminal offenses, maintaining public order, or making arrests.

13. At some time after Defendant Young commenced his employment with Defendant City of Albuquerque in 1998, Defendants Smith, Hudson, Callaway, Schultz and other

high-ranking members of the Albuquerque Police Department began an official policy, custom, or practice of treating Defendant Young as a salaried detective and police officer with the rank of sergeant or above despite Defendant Young's lack of qualifications for such a position. Such treatment included instructing other police officers with the rank of sergeant or lower that Defendant Young outranked them and that they were required to follow his orders, allowing Defendant Young to participate in hiring, supervision, management, and operational decisions for police officers and detectives, and allowing Defendant Young to represent, identify, and hold himself out as a detective and police officer at all times without restriction through the use and display of a detective's badge, detective's name plaque, and detective's radio call sign.

14. Defendant Schultz's awareness and ratification of this policy, custom, or practice of treating Defendant Young as a salaried detective and police officer preceded Defendant Schultz's appointment as the City of Albuquerque's Police Chief. While employed as a Deputy Chief, Defendant Schultz personally saw that Defendant Young was placed in the City of Albuquerque's Reserve Office Academy.

15. Since on or before 2005, Defendant Young also was, or claimed to be, a member of APD's Reserve Officer Corps from time to time. Defendant Young's membership or participation in the Reserve Officer Corps did not change the other Defendants' official policy, custom, and practice of treating him as a salaried detective and police officer. Instead, the Reserve Officer Corps merely provided a pretext to cover up the fact that Defendant Young was acting and being treated as a salaried detective and police officer despite his lack of qualifications to act in that capacity.

16. Since 1999, orders issued by APD have defined a "reserve officer" as a "part-time civilian volunteer who as police authority while on duty and under the supervision of a fulltime officer." APD's official website similarly describes the Reserve Officer Program as a "volunteer position" providing "one shift on a patrol per month" and "4 hours in-service training per month" to qualified members.

17. Since 1974, Sections 9-4-2-1 through 9-4-2-99 of the City of Albuquerque Code of Ordinances have established certain basic requirements for membership and participation in APD's Reserve Officer Corps. These requirements include the following:

    a. Members and trainees shall be volunteer workers only and shall not be deemed to be employees of the City of Albuquerque or APD for any purpose other than obtaining worker's compensation coverage while working an assigned shift;

    b. Members must meet physical, mental, aptitude, personality, inventory, and character standards;

    c. Member must complete mandatory training for a minimum of 120 hours, in all fields of police work and activity in accordance with New Mexico Peace Officer standards or any better, higher, or additional standards established by the Chief of Police;

    d. Members must certify in writing that they have read the provisions of Sections 9-4-2-1 through 9-4-2-99 of the City of Albuquerque Code of Ordinances;

    e. Members must receive written permission signed by the Chief of Police to wear, display, or carry a gun, badge, uniform, or any other item of police equipment while on duty;

f. Except while serving an assigned shift as a member of the Police Reserve Corps or receiving training prescribed for such membership, members of the Police Reserve Corps shall not have the status of a police officer or peace officer; shall not exercise the power, authority, or duties of a police officer or peace officer; and shall not represent, identify, or hold themselves out to be a police officer or peace officer.

18. Upon information and belief, Defendant Young has not met or complied with all of the above requirements for service in APD's Police Reserve Corps during the period of time relevant to this Complaint.

19. The City of Albuquerque Code of Ordinances, as well as other state laws, also impose certain duties on the Mayor, Chief of Police, and their designated subordinates with respect to authorizing, appointing, retaining, and assigning members of the Police Reserve Corps, or other agents of the City, to make arrests, issue citations, file criminal complaints, and prosecute individuals in the court. These duties include the following:

   a. the Mayor or Chief of Police must make all such appointments in writing;
   b. The Chief of Police must appoint and swear in all members of the Police Reserve Corps.
   c. the Chief of Police must establish additional requirements for membership in the Police Reserve Corps beyond those expressly stated in the City of Albuquerque Code of Ordinances;
   d. the Chief of Police must determine the physical fitness of persons to become members of the Police Reserve Corps or continue as such;

e. the Chief of Police and his designated subordinates are responsible for the maintenance of discipline for, and the assignment of duties to, each member of the Police Reserve Corps;

f. the Chief of Police and his designated subordinates are responsible for determining and maintain appropriate restrictions and limitations on the power and authority of members of the Police Reserve Corps.

20. Upon information and belief, Defendants Hudson, Smith, and Callaway are among the subordinates whom Defendant Schultz has designated for the purpose of carrying out the above duties with respect to Defendant Young.

21. Upon information and belief, Defendants Schultz, Callaway, Hudson, and Smith have not carried out all of the above duties with respect to Defendant Young during the period of time relevant to this Complaint and instead have instituted policies, practices, and customs which created a climate within APD that led Defendant Young to believe that he could act with impunity in abusing and misrepresenting his position.

22. On or about November 28, 2007, Defendant Young seized and detained Plaintiff M.G. During this seizure, Defendant Young engaged Plaintiff M.G. in a brief conversation in which she made no offer to perform a sex act for hire. Defendant Young then filed a criminal complaint against Plaintiff M.G. in which he charged her with criminal solicitation and listed his title as "Det." Or detective." M.G. was convicted of the criminal charges in 2008.

23. On or about March 5, 2008, Defendant Young seized and detained Plaintiff F.C. During this seizure, Defendant Young engaged Plaintiff F.C. in a brief conversation in which she made no offer to perform a sex act for hire. Defendant Young then filed a

criminal complaint against Plaintiff F.C. in which he charged her with criminal solicitation and listed his title as "Det." Or detective." F.C. was subsequently convicted of the criminal charges in 2008.

24. On or about March 29, 2008, Defendant Young seized and detained Plaintiff L.J. During this seizure, Defendant Young engaged Plaintiff L.J. in a brief conversation in which she made no offer to perform a sex act for hire. Defendant Young then filed a criminal complaint against Plaintiff L.J. in which he charged her with criminal solicitation and listed his title as "Det." Or detective." L.J. was convicted of the criminal charges in 2008.

25. Upon information and belief, Defendant Young requested and received overtime pay from Defendant City of Albuquerque for the period encompassing the seizure of Defendant M.G., L.J. and F.C.

26. The actions of Defendant Young described in the preceding paragraphs form part of a larger pattern of behavior. Defendant Young has made or participated in many seizures and filed at least 20 criminal complaints in Bernalillo County Metropolitan Court between May 2006 and August 2009.

27. Most of Defendant Young's seizures occurred by luring individuals into his vehicle where he engaged them in a brief conversation and then charged them with prostitution or criminal solicitation without any further investigation.

28. In many instances, Defendant Young also made inappropriate physical contact with individuals during the seizure by using his bare hand to touch their unclothed breasts or allowing them to grab his crotch or unzip his pants.

29. In many instances, Defendant Young seized individuals without probable cause to believe that the individuals had committed, or were committing, the crimes of prostitution or criminal solicitation because the individual made no offer to perform a sex act for hire and was not given an adequate opportunity to explain his or her behavior prior to the seizure.

30. In many instances, Defendant Young misrepresented his position and authority as an agent of the City of Albuquerque by falsely stating his title as "detective" or "Det." on criminal complaints, police reports, or other official documents so as to cause other parties, their attorneys, court personnel, and judges to mistakenly believe that he was a duly sworn certified, and salaried police officer who was authorized to arrest and detain individuals and to subject them to criminal prosecution.

31. In addition, upon information and belief, Defendant Young routinely requested and received a salary or overtime pay from Defendant City of Albuquerque for actions taken while he purportedly was acting as a volunteer "reserve officer." Defendants Smith, Hudson, Callaway and Schultz routinely approved Defendant Young's overtime requests for these activities.

32. In those instances where Defendant Young did not claim to be detective or reserve officer, he described his position and authority using generic terms such as "officer" or "P1C" which fail to distinguish his position and authority from that of a sworn full-time salaried police officer.

33. In all of the above instances, Defendant Young failed to accurately and completely disclose his position and authority as an agent of the City of Albuquerque when seizing individuals, booking them into detention facilities, filing criminal complaints,

police reports, and other official documents with the Bernalillo County Metropolitan court, serving such documents to Plaintiff and counsel during discovery and other criminal proceedings, or prosecuting criminal charges.

34. Upon information and belief, Defendant Young evinced similar misrepresentations and lack of candor during court appearances, plea negotiations, and other contacts with Plaintiff, attorneys, judges and court staff.

35. Defendant Young's lack of qualifications and credentials, as well as his misrepresentation of those qualifications and credentials, constituted exculpatory evidence that was required to be disclosed to the individuals that he prosecuted.

36. Defendant Young's abuse and misrepresentation of his position and authority as an agent of the City of Albuquerque caused Plaintiffs and other individuals to be unlawfully seized, wrongfully detained, and subjected to criminal prosecution and the imposition of criminal sanctions and/or penalties without due process of law.

37. Defendants Smith, Hudson, Callaway, Schultz, and other supervisory personnel employed by the City of Albuquerque acquiesced in, encouraged, and ratified the misconduct of Defendant Young described above by, among other things, assigning him to participate in the activities that gave rise to such misconduct, approving his requests to be compensated with overtime pay for such activities, and issuing various items of police equipment to him, including a badge, gun, police vehicle, bulletproof vest, and raid jacket, all with the knowledge that Defendant Young lacked and misrepresented the qualifications and credentials to lawfully arrest, detain, and prosecute individuals during such activities.

38. Defendant Smith further evinced his approval and ratification of Defendant Young's activities in an interoffice memorandum to Defendant Schultz dated June 8, 2009, in which Defendant Smith nominated Defendant Young for APD's "Civilian of the Month" award and noted that Defendant Young "wears many hats" and has been involved in the "service of (5) search warrants" and the making of "(2) felony and (6) misdemeanor arrests."

**COUNT 1:**
**ULAWFUL SEIZURE IN VIOLATION OF PLAINTIFF M.G. 'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS AGAINST DEFENANT YOUNG**

39. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

40. On or about November 28, 2007, Defendant Young violated Plaintiff M.G.'s Fourth Amendment right to be free from the unreasonable seizure of her person by seizing Plaintiff M.G. without a warrant and without probable cause to believe that Plaintiff had committed or was committing a crime.

41. The actions of Defendant Young in seizing Plaintiff M.G. and violating her clearly established constitutional rights were objectively unreasonable, intentional, willful, and wanton, and done in gross and reckless disregard of Plaintiff M.G..'s rights.

42. Defendant Young's unlawful seizure of Plaintiff M.G. proximately caused Plaintiff M.G. to suffer damages and injuries. These damages include pain and suffering, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiff M.G. requests compensatory and punitive damages against Defendant Young, together with all costs and attorney fees.

**COUNT II:**
**UNLAWFUL SEIZURE IN VIOLATION OF PLAINTIFF L.J'S FOURTH AND FOURTEENTH AMENDEMENT RIGHTS AGAINST DEFENDANT YOUNG**

43. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

44. On or about March 29, 2008, Defendant young violated Plaintiff L.J.'s Fourth Amendment right to be free from the unreasonable seizure of her person by seizing Plaintiff L.J. without a warrant and without probable cause to believe that Plaintiff L.J. had committed or was committing a crime.

45. The actions of Defendant Young in seizing Plaintiff L.J. and violating her clearly established constitutional rights were objectively unreasonable, intentional, willful, and wanton, and done in gross and reckless disregard of Plaintiff L.J.'s rights.

46. Defendant Young's unlawful seizure of Plaintiff L.J. proximately caused Plaintiff L.J. to suffer damages and injuries. These damages include pain and suffering, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiff L.J. requests compensatory and punitive damages against Defendant Young, together with all costs and attorney fees.

**COUNT III:**
**UNLAWFUL SEIZURE IN VIOLATION OF PLAINTIFF F.C'S FOURTH AND FOURTEENTH AMENDEMENT RIGHTS AGAINST DEFENDANT YOUNG**

47. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

48. On or about March 5, 2008, Defendant young violated Plaintiff F.C.'s Fourth Amendment right to be free from the unreasonable seizure of her person by seizing Plaintiff F.C. without a warrant and without probable cause to believe that Plaintiff F.C.. had committed or was committing a crime.

49. The actions of Defendant Young in seizing Plaintiff F.C. and violating her clearly established constitutional rights were objectively unreasonable, intentional, willful, and wanton, and done in gross and reckless disregard of Plaintiff F.C.'s rights.

50. Defendant Young's unlawful seizure of Plaintiff F.C. proximately caused Plaintiff F.C. to suffer damages and injuries. These damages include pain and suffering, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiff F.C. requests compensatory and punitive damages against Defendant Young, together with all costs and attorney fees.

**COUNT IV:**
**EXCESSIVE USE OF FORCE IN VIOLATION OF PLAINTIFF M.G.'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS AGAINST DEFENDANT YOUNG**

51. A plaintiff incorporates all of the preceding paragraphs as though fully set forth herein.

52. Defendant Young used physical force during his seizure of Plaintiff M.G. on or about November 28, 2007, including but not limited to placing his hand on Plaintiff M.G.'s bare breast and causing Plaintiff M.G. to place her hand on his bare penis and genitals.

53. Defendant Young's use of force was excessive, objectively unreasonable, and unnecessary to affect the seizure of Plaintiff M.G., and such use of force did not serve any legitimate law-enforcement objective under the circumstances.

54. Defendant Young's actions were intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff M.G.'s rights.

55. Defendant Young's use of excessive force proximately caused Plaintiff M.G.'s damages and injuries, including pain and suffering, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiff M.G. requests compensatory and punitive damages against Defendant Young, together with all costs and attorney fees.

**COUNT V:**
**EXCESSIVE USE OF FORCE IN VIOLATION OF PLAINTIFF L.J.'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS AGAINST DEFENDANT YOUNG**

56. A plaintiff incorporates all of the preceding paragraphs as though fully set forth herein.
57. Defendant Young used physical force during his seizure of Plaintiff L.J. on or about March 29, 2008, including but not limited to placing his hand on Plaintiff L.J.'s bare breast and causing Plaintiff L.J.. to place her hand on his bare penis and genitals.
58. Defendant Young's use of force was excessive, objectively unreasonable, and unnecessary to effect the seizure of Plaintiff L.J., and such use of force did not serve any legitimate law-enforcement objective under the circumstances.
59. Defendant Young's actions were intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff L.J.'s rights.
60. Defendant Young's use of excessive force proximately caused Plaintiff L.J.'s damages and injuries, including pain and suffering, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiff L.J. requests compensatory and punitive damages against Defendant Young, together with all costs and attorney fees.

**COUNT VI:**
**EXCESSIVE USE OF FORCE IN VIOLATION OF PLAINTIFF F.C.'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS AGAINST DEFENDANT YOUNG**

61. A plaintiff incorporates all of the preceding paragraphs as though fully set forth herein.

62. Defendant Young used physical force during his seizure of Plaintiff F.C. on or about March 29, 2008.

63. Defendant Young's use of force was excessive, objectively unreasonable, and unnecessary to effect the seizure of Plaintiff F.C., and such use of force did not serve any legitimate law-enforcement objective under the circumstances.

64. Defendant Young's actions were intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff F.C.'s rights.

65. Defendant Young's use of excessive force proximately caused Plaintiff F.C.'s damages and injuries, including pain and suffering, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiff F.C. requests compensatory and punitive damages against Defendant Young, together with all costs and attorney fees.

**COUNT VII:**
**DEPRIVATION OF LIBERTY WITHOUT**
**PROCEDURAL DUE PROCESS IN VIOLATION OF PLAINTIFF M.G.'S**
**FOURTEENTH AMENDMENT RIGHTS AGAINST DEFENDANT YOUNG**

66. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

67. While causing the continued confinement and prosecution of Plaintiff M.G. after her seizure on or about November 28, 2007, Defendant Young misrepresented his position and authority as an agent of the City of Albuquerque and failed to properly notify Plaintiff M.G. and the Court of the limits of his true position and authority and other exculpatory evidence, thereby depriving Plaintiff M.G. of her liberty without due process in violation of the procedural component of the Due Process Clause of the Fourteenth Amendment.

68. The actions of Defendant Young in depriving Plaintiff M.G. of her liberty without due process and violating her clearly established constitutional rights were knowing, intentional, willful, and wanton, and done in gross and reckless disregard of Plaintiff F.C.'s rights.

69. Defendant Young's deprivation of Plaintiff M.G.'s liberty without due process proximately caused Plaintiff M.G. to suffer damages and injuries. These damages include pain and suffering, lost liberty, and psychological and emotional distress.

70. State remedies for the deprivations described above are unavailable or inadequate to satisfy the requirements of due process.

WHEREFORE, Plaintiff M.G. requests compensatory and punitive damages against Defendant Young, together with all costs and attorneys fees.

**COUNT VIII:**
**DEPRIVATION OF LIBERTY WITHOUT PROCEUDRAL DUE PROCESS IN VIOLATION OF PLAINTIFF L.J.'S FOURTEENTH AMENDMENT RIGHTS AGAINST DEFENDANT YOUNG**

71. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

72. While causing the continued confinement and prosecution of Plaintiff L.J. after her seizure on or about March 5, 2008, Defendant Young misrepresented his position and authority as an agent of the City of Albuquerque and failed to properly notify Plaintiff L.J. and the Court of the limits of his true position and authority and other exculpatory evidence, thereby depriving Plaintiff L.J. of her liberty without due process in violation of the procedural component of the Due Process Clause of the Fourteenth Amendment.

73. The actions of Defendant Young in depriving Plaintiff L.J. of her liberty without due process and violating her clearly established constitutional rights were knowing, intentional, willful, and wanton, and done in gross and reckless disregard of Plaintiff L.J.'s rights.

74. Defendant Young's deprivation of Plaintiff L.J.'s liberty without due process proximately caused Plaintiff F.C. to suffer damages and injuries. These damages include pain and suffering, lost liberty, and psychological and emotional distress.

75. State remedies for the deprivations described above are unavailable or inadequate to satisfy the requirements of due process.

WHEREFORE, Plaintiff L.J. requests compensatory and punitive damages against Defendant Young together with all costs and attorney fees.

## COUNT IX: DEPRIVATION OF LIBERTY WITHOUT PROCEUDRAL DUE PROCESS IN VIOLATION OF PLAINTIFF F.C.'S FOURTEENTH AMENDMENT RIGHTS AGAINST DEFENDANT YOUNG

76. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

77. While causing the continued confinement and prosecution of Plaintiff F.C. after her seizure on or about March 29, 2008, Defendant Young misrepresented his position and authority as an agent of the City of Albuquerque and failed to properly notify Plaintiff F.C. and the Court of the limits of his true position and authority and other exculpatory evidence, thereby depriving Plaintiff F.C. of her liberty without due process in violation of the procedural component of the Due Process Clause of the Fourteenth Amendment.

78. The actions of Defendant Young in depriving Plaintiff F.C. of her liberty without due process and violating her clearly established constitutional rights were knowing, intentional, willful, and wanton, and done in gross and reckless disregard of Plaintiff F.C.'s rights.

79. Defendant Young's deprivation of Plaintiff F.C.'s liberty without due process proximately caused Plaintiff F.C. to suffer damages and injuries. These damages include pain and suffering, lost liberty, and psychological and emotional distress.

80. State remedies for the deprivations described above are unavailable or inadequate to satisfy the requirements of due process.

WHEREFORE, Plaintiff F.C. requests compensatory and punitive damages against Defendant Young together with all costs and attorney fees.

**COUNT X:**
**DEPRIVATION OF SUBSTANTIVE DUE PROCESS THROUGH UNLAWFUL PHYSCAL COUNFINEMENT AND INTRUSION ON BODILY INTEGRITY IN VIOLATION OF PLAINTIFF M.G.'S FOURTEENTH AMENDMENT RIGHTS AGAINST DEFENDANT YOUNG**

81. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

82. On or about November 28, 2007, Defendant Young violated Plaintiff M.G.'s fundamental right to bodily integrity in violation of the substantive component of the Due Process Clause of the Fourteenth Amendment by intentionally and deliberately placing his hand on Plaintiff M.G.'s bare breast and causing Plaintiff M.G. to place her hand on his crotch under circumstances that served no legitimate law-enforcement objective and were motivated by Defendant Young's desire for gratification, amusement, or financial gain.

83. Following Plaintiff's M.G.'s arrest on or about November 28, 2007, Defendant Young deprived Plaintiff MG. of her fundamental right to be free from unlawful physical confinement in violation of the substantive component of the Fourteenth Amendment's Due Process Clause by causing Plaintiff M.G. to be detained or incarcerated against her will without lawful authority through the deliberate and intentional misrepresentation of Defendant Young's position and authority as an agent of the City of Albuquerque and his failure to properly notify Plaintiff and the Court of the limits of his true position and authority and other exculpatory evidence.

84. The actions of Defendant Young in intruding on Plaintiff M.G.'s bodily integrity, bringing about Plaintiff M.G.'s unlawful physical confinement, and thereby violating her clearly established constitutional rights were objectively unreasonable, shocking to the conscience, intentional, willful, and wanton, and done in gross reckless disregard of Plaintiff M.G.'s rights.

85. Defendant Young's violation of Plaintiff M.G.'s right to substantive due process proximately caused Plaintiff M.G. to suffer damages and injuries. These damages include pain and suffering, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiff M.G. requests compensatory and punitive damages against Defendant Young, together with all costs and attorneys fees.

**COUNT XI**
**DEPRIVATION OF SUBSTANTIVE DUE PROCESS THROUGH UNLAWFUL PHYSCAL COUNFINEMENT AND INTRUSION ON BODILY INTEGRITY IN VIOLATION OF PLAINTIFF L.J.'S FOURTEENTH AMENDMENT RIGHTS AGAINST DEFENDANT YOUNG**

86. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

87. On or about March 29, 2008, Defendant Young violated Plaintiff L.J.'s fundamental right to bodily integrity in violation of the substantive component of the Due Process Clause of the Fourteenth Amendment by intentionally and deliberately placing his hand on Plaintiff L.J.'s bare breast and causing Plaintiff L.J. to place her hand on his crotch under circumstances that served no legitimate law-enforcement objective and were involved by Defendant Young's desire for gratification, amusement, or financial gain.

88. Following Plaintiff's L.J.'s arrest on or about November 28, 2007, Defendant Young deprived Plaintiff L.J. of her fundamental right to be free from unlawful physical confinement in violation of the substantive component of the Fourteenth Amendment's Due Process Clause by causing Plaintiff L.J. to be detained or incarcerated against her will without lawful authority through the deliberate and intentional misrepresentation of Defendant Young's position and authority as an agent of the City of Albuquerque and his failure to properly notify Plaintiff and the Court of the limits of his true position and authority and other exculpatory evidence.

89. The actions of Defendant Young in intruding on Plaintiff L.J.'s bodily integrity, bringing about Plaintiff L.J.'s unlawful physical confinement, and thereby violating her clearly established constitutional rights were objectively unreasonable, shocking to the conscience, intentional, willful, and wanton, and done in gross reckless disregard of Plaintiff L.J.'s rights.

90. Defendant Young's violation of Plaintiff L.J.'s right to substantive due process proximately caused Plaintiff L.J. to suffer damages and injuries. These damages include pain and suffering, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiff L.J. requests compensatory and punitive damages against Defendant Young, together with all costs and attorneys fees.

**COUNT XII:**
**DEPRIVATION OF SUBSTATNIVE DUE PROCESS THROUGH UNLAWFUL PHYSCIAL CONFINEMENT IN VIOLATION OF PLAINTIFF F.C.'S FOURTEENTH AMENDMENT RIGHTS AGAINST DEFENDANT YOUNG**

91. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.
92. Following Plaintiff F.C.'s arrest on or about March 5, 2008, Defendant Young deprived Plaintiff F.C. of her fundamental right to be free from unlawful physical confinement in violation of the substantive component of the Fourteenth Amendment's Due Process Clause by causing Plaintiff F.C. to be detained or incarcerated against her will without lawful authority through the deliberate and intentional misrepresentation of Defendant Young's position and authority as an agent of the City of Albuquerque and his failure to properly notify Plaintiff F.C. and the Court of the limits of his true position and authority and other exculpatory evidence.
93. The actions of Defendant Young in bringing about Plaintiff F.C.'s unlawful physical confinement and thereby violating her clearly established constitutional rights were objectively unreasonable, shocking to the conscience, intentional, willful, and wanton, and done in gross and reckless disregard of Plaintiff F.C.'s rights.
94. Defendant Young's violation of Plaintiff F.C.'s right to substantive due process proximately caused Plaintiff F.C. to suffer damages and injuries. These damages include pain and suffering, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiff F.C. requests compensatory and punitive damages against Defendant Young, together with all costs and attorneys fees.

**COUNT XIII:**
**PLAINTIFF M.G.'S SECTION 1983 MALICIOUS PROSECUTION CLAIM AGAINST DEFENDANT YOUNG**

95. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

96. Defendant Young caused Plaintiff M.G.'s continued confinement and prosecution following Plaintiff M.G.'s seizure on or about December 3, 2008, without the requisite probable cause or procedural due process to support such a seizure, continued confinement, or prosecution, thereby engaging in malicious prosecution that is actionable under Section 1983 of Title 42 of the United States Code and the Fourth and Fourteenth Amendments.

97. The actions of Defendant Young in confining and prosecuting Plaintiff M.G. and violating her clearly established constitutional rights were malicious, knowing, intentional, willful, and wanton, and done in gross and reckless disregard of Plaintiff M.G.'s rights.

98. The malicious prosecution that Defendant Young instituted following Plaintiff M.G.'s seizure on or about December 3, 2008, was terminated in Plaintiff M.G.'s favor.

99. Defendant Young's malicious prosecution proximately caused Plaintiff M.G. to suffer damages and injuries. These damages include pain and suffering, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiff M.G. requests compensatory and punitive damages against Defendant Young, together with all costs and attorneys fees.

**COUNT XIII:**
**PLAINTIFF L.J.'S SECTION 1983 MALICIOUS PROSECUTION CLAIM AGAINST DEFENDANT YOUNG**

100. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

101. Defendant Young caused Plaintiff L.J.'s continued confinement and prosecution following Plaintiff L.J.'s seizure on or about December 3, 2008, without the requisite probable cause or procedural due process to support such a seizure, continued confinement, or prosecution, thereby engaging in malicious prosecution that is actionable under Section 1983 of Title 42 of the United States Code and the Fourth and Fourteenth Amendments.

102. The actions of Defendant Young in confining and prosecuting Plaintiff L.J. and violating her clearly established constitutional rights were malicious, knowing, intentional, willful, and wanton, and done in gross and reckless disregard of Plaintiff L.J.'s rights.

103. The malicious prosecution that Defendant Young instituted following Plaintiff L.J.'s seizure on or about December 3, 2008, was terminated in Plaintiff L.J.'s favor.

104. Defendant Young's malicious prosecution proximately caused Plaintiff L.J. to suffer damages and injuries. These damages include pain and suffering, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiff L.J. requests compensatory and punitive damages against Defendant Young, together with all costs and attorneys fees.

## COUNT XV: PLAINTIFF F.C.'S SECTION 1983 MALICIOUS PROSECUTION CLAIM AGAINST DEFENDANT YOUNG

105. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

106. Defendant Young caused Plaintiff F.C.'s continued confinement and prosecution following Plaintiff F.C.'s seizure on or about March 5, 2008, without the requisite probable cause or procedural due process to support such a seizure, continued

confinement, or prosecution, thereby engaging in malicious prosecution that is actionable under Section 1983 of Title 42 of the United States Code and the Fourth and Fourteenth Amendments.

107. The actions of Defendant Young in confining and prosecuting Plaintiff F.C. and violating her clearly established constitutional rights were malicious, knowing, intentional, willful, and wanton, and done in gross and reckless disregard of Plaintiff F.C.'s rights.

108. Defendant Young's malicious prosecution proximately caused Plaintiff F.C. to suffer damages and injuries. These damages include pain and suffering, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiff F.C requests compensatory and punitive damages against Defendant Young, together with all costs and attorneys fees.

**COUNT XVI:**
**SUPERVISORY AND MUNICIPAL LIABILITY CLAIMS UNDER SECTION 1983 AGAINST DEFENDANTS SMITH, HUDSON, CALLAWAY, SCHULTZ, AND CITY OF ALBUQUERQUE**

108.Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

109.Upon information and belief, Defendants Smith, Hudson, Callaway, Schultz, and others who retained and made assignments for Defendant Young knew full well the limits of Defendant Young's true position and authority as an agent of the City of Albuquerque, as well as the abuse and misrepresentation of his position and authority when seizing and detain individuals, booking them into detention facilities, filing criminal complaints and other official documents in the Bernalillo County Metropolitan Court, serving such documents to Plaintiffs and counsel during discovery and other criminal proceedings, and prosecuting criminal charges on behalf of the City of Albuquerque. During the period of time relevant to this Complaint,

Defendant Young's conduct posed a pervasive and unreasonable risk of constitutional injury to citizens with whom he interacted while acting under color of state law on behalf of the City of Albuquerque.

110.Defendants Smith, Hudson, Callaway, Schultz and other supervisory personnel employed by the City of Albuquerque retained Defendant Young and allowed him to continue to abuse misrepresent his position and authority despite this knowledge.

111.Moreover, these supervisory personnel took no steps to prevent or correct Defendant Young's unlawful behavior during the period of time relevant to this Complaint, nor did they restrict or limit his ability to abuse or misrepresent his position or authority to citizens during this period. These supervisor's acts and failures to act, in light of their knowledge as set forth above, was so culpable as to constitute approval, acquiescence, and ratification of Defendant Young's misconduct.

112.These supervisors' retention of Defendant Young, as well as their failure to adequately train him and control his work assignments, constituted deliberate indifference to Plaintiff's Fourth and Fourteenth Amendment rights.

113.These supervisor's wrongful retention, insufficient training, failure to supervise, failure to comply with appropriate procedures, and their complete failure to prevent the misconduct of Defendant Young described herein, constituted a custom, practice and policy of deliberate indifference to the rights of Plaintiffs to the rights of Plaintiffs and other citizens, which affirmatively and proximately caused Plaintiff's injuries.

114.Defendant City of Albuquerque is liable under Section 1983 for the custom, practice, and policy described above.

WHEREFORE, Plaintiffs request compensatory and punitive damages against Defendants Smith, Hudson, Callaway, and Schultz, and for compensatory damages against Defendant City of Albuquerque, together with all costs and attorneys fees.

## COUNT XVII: STATE NEGLIGENCE CALIMS AGAINST DEFENDANTS SMITH, HUDSON, CALLAWAY, SCHULTZ, AND CITY OF ALBUQUERQUE

115.Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

116.In retaining, assigning, and training agents of the City of Albuquerque, and in the operation and maintenance of machinery and equipment for such agents during all times relevant to this Complaint, Defendants Smith, Hudson, Callaway, and Schultz, and the City of Albuquerque had a duty to exercise reasonable care for the safety of Albuquerque citizens with whom such agents came into contact.

117.Defendants Smith, Hudson, Callaway, and Schultz, as well as Defendant City of Albuquerque acting by and through its other supervisory personnel, failed to exercise such care by, among other things, failing to execute, failing to enforce, and failing to monitor compliance with physical, procedural, and regulatory safeguards to protect citizens from violation of their civil and constitutional rights by agents for the City, including those such as Defendant Young who abused and misrepresented their position and authority.

118.These Defendants' actions were in complete derogation of any known standard for the proper administration and operation of a law enforcement agency.

119.These Defendants' acts and omissions constituted negligence, gross negligence, and recklessness towards Plaintiffs.

120.These Defendants' negligence, gross negligence, and recklessness proximately caused the violations of Plaintiffs' constitutional rights set forth above, as well as Plaintiffs' damages, which include lost liberty, pain and suffering, and psychological and emotional distress.

121.Defendant City of Albuquerque is vicariously liable under the doctrine of *respondeat superior* the acts and omissions of its supervisory employees committed in the scope of their employment, including but not limited to the acts and omissions of Defendants Smith, Hudson, Callaway, and Schultz.

WHEREFORE, Plaintiffs request compensatory damages against Defendants Smith, Hudson, Callaway, and Schultz, and the City of Albuquerque, together with all costs and attorneys fees.

**COUNT XVIII:**
**INJUNCTIVE RELIEF**

122.Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

123.The underlying criminal proceedings instituted by Defendant Young have been concluded against the Plaintiff's, and Plaintiffs are likely to succeed on the merits of the claims set forth above.

124.There remains an actual, justiciable case or controversy between Plaintiffs and Defendants because of the underlying criminal proceedings instituted by Defendant Young. Defendants have not yet fulfilled their legal and equitable duties with respect to expunging the records of Plaintiffs' arrest, prosecution, and detention.

125.Plaintiffs will suffer irreparable harm if Defendants do not fulfill their legal and equitable duties with respect to expunging Plaintiffs' records, and state remedies are unavailable to inadequate.

126.The injuries to Plaintiffs caused by the failure to expunge the records to question outweigh any harm that such expunction may cause to Defendants.

127.Expunction of the records in question at the conclusion of this litigation would not be adverse to the public interest.

WHEREFORE, Plaintiffs request a permanent injunction requiring Defendants to fulfill their legal and equitable duties with respect to the expunction of all arrest records and records of criminal proceedings arising from Defendant Young's arrest and prosecution of Plaintiffs, together with all costs and fees.

## JURY TRIAL DEMAND

128.Plaintiffs hereby demand a trial by jury.

/s/ Thomas J. Budd Mucci
Thomas J. Budd Mucci
504 14th St NW
Albuquerque, NM 87104
505-247-2211