IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

M.G., L.J. and F.C.,

        Plaintiffs,
vs.                                           CIVIL NO.  13-23 MCA/LFG

DAVID C. YOUNG, ROBERT
T. SMITH, JOSEPH R. HUDSON,
MICHAEL CALLAWAY, RAYMOND
D. SCHULTZ, in their individual capacities;
and CITY OF ALBUQUERQUE,

        Defendants.

## ORDER AUTHORIZING LIMITED DISCOVERY

THIS MATTER is before the Court pursuant to Plaintiffs' Fed. R. Civ. P. 56(d) Affidavit seeking limited discovery so as to respond to Defendants' Motions for Partial Summary Judgment [Docs. 52 and 53].

The Tenth Circuit Court of Appeals instructs that it insufficient to simply argue that the motion for summary judgment is premature or that a plaintiff wishes to engage in discovery. Rather, a plaintiff must demonstrate the specific discovery it wishes to take and, more importantly, how the fruits of that discovery will assist in overcoming defendant's prima facie showing of entitlement to judgment. Ben Ezra, Weinstein & Co. v. Am. Online, Inc., 206 F.3d 980, 987 (10th Cir.), *cert denied*, 531 U.S. 824 (2000).

A. Discovery to Be Permitted

In this case, Plaintiffs convincingly argue that for David C. Young to demonstrate an entitlement to qualified immunity, he must show that his actions complied with a narrow set of statutes, ordinances and Albuquerque Police Department orders and criteria. Specifically, on pages 4-5 of the Affidavit, Plaintiffs request answers to the following questions:

      a) Whether David C. Young had in fact met all criteria necessary to qualify for the status of reserve officer.

      b) Whether David C. Young was assigned on November 28, 2007, (Plaintiff M.G.) to work as an undercover reserve officer for the vice unit.

      c) Whether David C. Young was assigned on March 28, 2008, (Plaintiff L.J.) to work as an undercover reserve officer for the vice unit.

      d) Whether David C. Young was assigned on March 5, 2008, (Plaintiff F.C.) to work as an undercover reserve officer for the vice unit.

      e) Whether on those relevant dates and times outlined in paragraphs b, c, and d above, David C. Young was properly supervised by certified law enforcement personnel in compliance with relevant statutes, ordinances, and orders.

Plaintiffs represent that answers to these questions will assist them in either establishing a material issue of fact to rebut Defendants' *prima facie* showing of entitlement to qualified immunity.

The Court agrees and therefore authorizes limited discovery. Plaintiffs may serve, by way of written interrogatories, the aforementioned questions on David C. Young. Plaintiffs will have five working days, until July 29, 2013, to serve the interrogatories, and Young will be afforded the normal 30 days to respond.

    B. Discovery Not Permitted

In addition to that discovery, Plaintiffs seek a vast amount of additional information, including all documents related to the assignment of Young as a reserve officer for the vice unit. There is no limitation as to dates or scope of documents. Plaintiffs also want "[s]igned TAC plans outlining the undercover operations" of the APD to which Young may have been assigned. This request is not limited to Plaintiffs, but, apparently, seeks information about any undercover operation in which Young was involved, and is not limited by time.

Plaintiffs also want "[a]ny and all communications whether written, electronic, radio, or video which document the supervision of David C. Young's actions," and a listing of all officers present during the relevant events, as well as officers who approved and signed criminal complaints. In addition, Plaintiffs request "[d]ocuments which relate in any way to the substantiation of David C. Young's participation in the Reserve Officer Training Academy such as course work, test scores, attendance logs, and any credentials or certifications . . . ." They seek "[a]ny and all substantiation" concerning APD policy relating to undercover police personnel and latitude to make physical contact with alleged prostitutes, as well as the "degree to which physical contact is allowed." Finally Plaintiffs ask for "[d]epositions of the officers who supervised Young on the relevant dates" without indicating what dates are relevant. [Doc. 56, at 6].

The Court finds that all of this additional information is overly broad, goes to the merits of the case rather than the issue of qualified immunity, and would subject a qualified immunity defendant to lose the very benefit of the immunity defense by subjecting him to substantially wide discovery before a determination is made on qualified immunity. The Court denies all of these additional requests.

## **Conclusion**

The Court anticipates that Young will serve his responses no later than August 28, 2013. Accordingly, the Court will extend the time for Plaintiffs to file their responses to the Motions for Partial Summary Judgment [Docs. 52 and 53] until September 16, 2013.

IT IS SO ORDERED.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

3