IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

M.G., L.J. and F.C.,

        Plaintiffs,

vs.                                          CIVIL NO.  13-23 KG/LFG

DAVID C. YOUNG, ROBERT
T. SMITH, JOSEPH R. HUDSON,
MICHAEL CALLAWAY, RAYMOND
D. SCHULTZ, in their individual capacities;
and CITY OF ALBUQUERQUE,

        Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFFS' MOTION TO COMPEL

THIS MATTER is before the Court on "Plaintiff's Motion to Compel Defendant Young's Responsive Answers to Interrogatories and Production of Documents" [Doc. 65]. The Court considered the Motion, Defendant Young's Response [Doc. 67], and Plaintiffs' Reply [Doc. 68]. Oral argument is not necessary.

### Background

Subsequent to Defendant David C. Young ("Young") filing two Motions for Partial Summary Judgment[1] [Docs. 52, 53], Plaintiffs sought limited discovery by way of Fed. R. Civ. P. 56(d) affidavit [Doc. 56].  After considering the request, and in accord with "narrowly tailored"

---

[1]The undersigned Magistrate Judge is not tasked with deciding the multiple separate motions.  To date, Defendants have filed three separate motions to dismiss and three motions for partial summary judgment that are pending.  This Court observes, however, that the practice of filing multiple, piecemeal motions typically is not favored.  A single motion can address multiple claims and tends to streamline litigation and reduce costs.  In addition, single motions avoid repetitious argument.  *See, e.g.,* Triple-I Corp. v. Hudson Assoc. Consulting, Inc., 713 F. Supp. 2d 1267, 1281 n.27 (D. Kan. 2010) (noting that filing separate motions in one case, but directed to discrete issues or claims, may circumvent local rules regarding page and exhibit limits); *see also* Archuleta v. City of Santa Fe, No. CIV 13-363 JAP/RHS (D.N.M. Nov. 8, 2013) [Doc. 34] (suggesting counsel file a single motion rather than multiple motions directed at separate claims).

discovery limitations, *see* Maxey ex rel. Maxey v. Fulton, 890 F.2d 279, 282-83 (10th Cir. 1989), the Court authorized Plaintiffs to obtain tailored discovery to enable them to respond to Young's motions. The Court's Order of July 22, 2013 [Doc. 57] authorized limited discovery on the following specific questions:

> a) Whether David C. Young had met all criteria necessary to qualify for the status of reserve officer.
>
> b) Whether David C. Young was assigned on November 28, 2007, (Plaintiff M.G.) to work as an undercover reserve officer for the vice unit.
>
> c) Whether David C. Young was assigned on March 28, 2008, (Plaintiff L.J.) to work as an undercover reserve officer for the vice unit.
>
> d) Whether David C. Young was assigned on March 5, 2008, (Plaintiff F.C.) to work as an undercover reserve officer for the vice unit.
>
> e) Whether on those relevant dates and times outlined in paragraphs b, c, and d above, David C. Young was properly supervised by certified law enforcement personnel in compliance with relevant statutes, ordinances, and orders.

[Doc. 57, at 2.] The Court permitted Plaintiffs to serve interrogatories directed to the above-stated issues. The Court found that Plaintiffs' remaining discovery requests for additional discovery were over broad and need not be answered. [Id. at 2-3.]

## Motion to Compel

After authorization of limited discovery, Plaintiffs served a new set of interrogatories and requests for production, including seven interrogatories and six requests for production. [Doc. 65-1.] Some of the discovery requests go far and above the limited discovery permitted by the Court in accordance with Rule 56(d).

2

Plaintiffs challenge Defendant Young's answers to Interrogatory Nos. 4 and 6 and his responses to Requests for Production Nos. 2, 3 and 4. [Doc. 65, at 3.]

### A.     *Interrogatories:*

Interrogatory No. 4 asks Young to state in detail –

> . . . whether the following dates and occasions were the basis of you completing your one shift per month requirement as a Reserve Officer:  a) November 28, 2017, when you came into contact with Plaintiff M.G., b) March 5, 2008 when you came into contact with Plaintiff F.C., e) March 29, 2008, when you came into contact with Plaintiff L.J.  If those dates and events were not the source of you satisfying your monthly shift requirement please identify how you satisfied that monthly requirement in November of 2007 and March of 2008.

[Doc. 65-2, at 5.]

Young objected but ultimately answered in part:

> With regard to November 28, 2007 and March 29, 2008, Defendant Young denies that these two incidents formed the basis of completing the one shift per month requirement as a reserve officer.  With regard to March 5, 2008, Defendant Young does not remember nor does he posses the necessary documents with which to answer this interrogatory.

[Id. at 5-6.]

Because this answer was deemed insufficient by Plaintiffs, Young subsequently supplemented his answer as follows:

> . . . Defendant Young reviewed the following files he obtained from the City of Albuquerque:
>
> 1.  David Young's City of Albuquerque Personnel file (142 pages); and
>
> 2.  David Young's Albuquerque Police Department Personnel file (504 pages).

3

> With regard to November 28, 2007 and March 29, 2008, Defendant Young denies that these two incidents formed the basis of completing the one shift per month requirement as a reserve officer. Defendant Young made a concerted effort to fulfill his reserve officer requirements at the beginning of each month he served as a reserve officer. Although there is no document which supports or refutes his belief, Defendant Young believes that the November 28, 2007 incident and the March 29, 2008 incident did *not* form the basis of completing the one shift per month requirement as a reserve officer.
>
> With regard to March 5, 2008, Defendant Young does not remember if this incident formed the basis of completing the one shift per month requirement as a reserve officer. Neither Defendant Young nor his counsel possess any documents which answer this interrogatory as it pertains to March 5, 2008. Therefore, Defendant Young cannot answer whether the March 5, 2008 incident formed the basis of completing the one shift per month requirement as a reserve officer.

[Doc. 65-4, at 6-7.]

Young disagrees that the dates of November 28, 2007 and March 29, 2008 form the basis of completing the one shift per month requirement as a reserve officer, and has no records of recollection whether March 5, 2008 formed the basis of satisfying his requirements. The answer and the supplementation provide substantially the same information. They fail, however, to answer *how* he "satisfied that monthly requirement in November of 2007 and March of 2008." Young is required to supplement the answer and fully respond to that question as set forth in Interrogatory No. 4. If there is no information to demonstrate that Young fulfilled his shift requirements as a reserve officer at the pertinent times, the Court cannot compel information that does not exist. But, Young will not be allowed to later rely on evidence not previously provided that he did satisfy the requirements.

Accordingly, the Court grants the motion to compel with respect to requiring Young answer Interrogatory No. 4, limited to if and how he satisfied his shift requirements as a reserve officer during the pertinent time frame. If there is no such information, Young may provide that answer.

Interrogatory No. 6 asks Young –

> Please state in detail whether you received compensation as a civilian employee of the City of Albuquerque during the below listed dates and events: a) November 28, 2007, when you came into contact with Plaintiff M.G., b) March 5, 2008, when you came into contact with Plaintiff F.C., and c) March 29, 2008, when you came into contact with Plaintiff L.J.

Young generally objected to the entirety of the Interrogatory, denying that the two dates–November 28, 2007 and March 29, 2008–formed the basis of completing the one shift per month requirement, and further stating he had no recall as to March 5, 2008. [Doc. 65-2, at 9-10.] Nonetheless, in his Supplemental Answer, he stated:

> Although there is no document which supports or refutes his belief, Defendant Young believes that the City paid him for his work as a civilian during the November 28, 2007 incident and the March 29, 2008 incident.

Young relies on only his belief that he was paid for the two dates in question and further states he does not possess any documents to answer the interrogatory regarding March 5, 2008. This response is insufficient. Young can easily obtain his own City payroll records to determine whether he was or was not paid for the dates in question. The Court will require Young to supplement Interrogatory No. 6 by stating, under oath, whether he was or was not compensated by the City of Albuquerque for November 28, 2007, March 5, 2008, and March 29, 2008.

### B. Document Requests:

Also in dispute is Plaintiffs' Request for Production No. 2, which dovetails with Interrogatory No. 4. It requests payroll records from the City of Albuquerque limited to November

5

28, 2007, March 5, 2008, and March 29, 2008.  Young first answered that he did not possess these records "at this time."  In the supplemental response, he argued that the Order allowing limited discovery did not authorize document requests. [Doc. 65-4, at 15.]

As these records go to the heart of a key issue and such payroll records generally are more easily obtainable by Young than Plaintiffs, the Court will grant the motion to compel.  Young must produce City of Albuquerque payroll records for him limited to those three dates.

Request for Production No. 3 seeks "all documents that relate in any manner to your training at the Central New Mexico Joint Training Academy in 2005."  The Court previously denied the request and again denies the request as overly broad.

Request for Production No. 4 requests "for copying and inspection the course work or training you completed to qualify for the Commission Card signed by Chief Raymond D. Schultz. . . ."  Young provided several documents in response and reserved the right to supplement his response. [Doc. 65-4, at 17.] In a supplemental response, Young stated that the Court's Order did not require Defendants to produce records or respond to document requests. [Id.]

The Court sustains Young's objections to Request for Production No. 4 because it seeks information that is overly broad and exceeds the scope of limited discovery authorized.

## Conclusion

Plaintiffs' motion is granted in part and denied in part consistent with the above-stated discussion.  The revised interrogatory answers and the documents are to be provided to Plaintiffs' counsel within ten (10) days after entry of this Order, or by November 25, 2013.  Thereafter, Plaintiffs have fifteen (15) days, until December 10, 2013, to file their response to the two Motions For Partial Summary Judgment.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel [Doc. 65] is GRANTED in part and DENIED in part.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge