**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

M.G., L.J., F.C., and M.C.,

   Plaintiffs,

v.               CV 13-23 KG/WPL

DAVID C. YOUNG,
ROBERT T. SMITH,
JOSEPH R. HUDSON,
MICHAEL CALLAWAY,
RAYMOND D. SCHULTZ,
in their individual capacities, and
THE CITY OF ALBUQUERQUE,

   Defendants.

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

  This matter is before me on Plaintiffs' Motion for Reconsideration (Doc. 117) of my May 11, 2015, Memorandum Opinion and Order (Doc. 113). Plaintiffs contend that I misapprehended the facts and the law controlling their malicious prosecution claims and that I granted summary judgment notwithstanding genuine disputes of material fact. Defendants filed a response (Doc. 122), and Plaintiffs filed a reply (Doc. 126). Upon review of the briefing, the record, and the relevant law, I deny Plaintiffs' motion for reconsideration.

  A motion for reconsideration is appropriate to allow the court to consider 1) an intervening change in the law, 2) new evidence that was previously unavailable, and 3) the need to correct clear error or prevent injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already

addressed or advance arguments that could have been raised in prior briefing." *Id.* (citations omitted).

Plaintiffs recognize that I granted summary judgment for Defendants as to Plaintiffs' malicious prosecution claims because Plaintiffs failed to show that their criminal cases terminated in their favor. Plaintiffs, however, argue that I misapprehended the law by distinguishing between Young's misrepresentations to the state court and whether Plaintiffs have met their burden of showing their innocence of the charges brought against them. In particular, Plaintiffs contend that I erred by failing to find that the evidence regarding Defendant Young's reliability was exculpatory and thus indicative of Plaintiffs' innocence. Plaintiffs cite *Giglio v. United States* for the proposition that "[w]hen the reliability of a given witness may well be determinative of [Plaintiffs'] guilt or innocence . . . [a] new trial is required if the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury." 405 U.S. 150, 154 (1982) (quotations omitted).

Plaintiffs also assert that I have misapprehended the function of probable cause in a malicious prosecution case because, they argue, a claim for malicious prosecution exists when a plaintiff challenges false statements at a probable cause hearing in the case of a warrantless arrest or false statements within an arrest warrant. Plaintiffs contend that probable cause is predicated on "reasonably trustworthy information," (Doc. 117 at 6 (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964))), and that the link between unreliable evidence from Young, probable cause, and malicious prosecution "cannot be overstated in this case" (*Id.*).

In addition, Plaintiffs argue that I erred by determining that the stipulated order setting aside Plaintiffs' guilty pleas and vacating their judgments and sentences did not indicate the reasoning for taking these actions and was therefore not telling of Plaintiffs' innocence. Plaintiffs

contend that the Petition to the Second Judicial District Court of New Mexico alleged that Young's misrepresentations constituted exculpatory evidence that "completely undermine[d] the factual basis for [the prosecution] and render[ed] their guilty pleas, convictions, judgments, and sentences in those cases unknowing, involuntary, and void." (*Id.* at 7 (citing Doc. 78 Ex. 19 at 2-3).) Plaintiffs assert that the stipulated order stated that the state court judge was "fully advised in the premises" and that, therefore, the prosecutions were terminated in Plaintiffs' favor. (Doc. 39 at 37.)

Plaintiffs emphasize that while Defendants stated that "in this case it has not been alleged that Defendant Young fabricated or falsified evidence," (*see* Doc. 78 at 16), the City of Albuquerque abandoned a dozen prosecutions initiated by Young due to alleged fabricated or falsified evidence. Plaintiffs assert that evidence going to Young's reliability would have a reasonable likelihood of affecting the decision of a jury. Plaintiffs contend that there was no probable cause to support Plaintiffs' arrest, confinement, or prosecution; that Young acted with malice; and that Plaintiffs sustained damages. Plaintiffs, citing *Dobiecki v. Palacios*, 829 F. Supp. 229, 235 (N.D. Ill. 1993), argue that I confused charges dismissed on procedural grounds with cases dismissed due to a lack of probable cause.

Finally, Plaintiffs argue that summary judgment was not warranted because of the existence of genuine disputes of material fact that Plaintiffs contend could lead a rational jury to conclude that there was no probable cause for arresting, charging, prosecuting, or "extracting guilty pleas from Plaintiffs." (Doc. 117 at 14.)

Defendants argue, as an initial matter, that Plaintiffs' filing of a notice of appeal to the Tenth Circuit divested this Court of jurisdiction over the case at this time.[1] (*See* Doc. 119.) Defendants then argue that Plaintiffs failed to show that the state court's decision to vacate the judgments against them was based upon indications of their innocence and that any existence of some exculpatory evidence is insufficient to show Plaintiffs' innocence. Defendants contend that the state court merely granted the relief requested by the parties.

Plaintiffs assert that Defendants failed in their response to answer two questions: 1) what constitutes evidence to indicate Plaintiffs' innocence, and 2) what reason other than Plaintiffs' innocence would the state court have had for overturning Plaintiffs' guilty pleas and vacating the judgments against them. Further, Plaintiffs argue that since their guilty pleas have been overturned and their judgments vacated, there is nothing to establish Plaintiffs' guilt, and they are presumed innocent. At the same time, Plaintiffs note that their situation appears to constitute an issue of first impression in the Tenth Circuit.

As discussed in the Memorandum Opinion and Order, Plaintiffs have the burden of proving that they received a favorable termination in their criminal cases. *Wilkins v. DeReyes*, 528 F.3d 790, 803 (10th Cir. 2008). In the Tenth Circuit, a malicious prosecution requires a showing of all of the following: "'(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.'" *Stonecipher v. Valles*, 759 F.3d 1134, 1146 (10th Cir. 2014) (quoting *Wilkins*, 528 F.3d at 799).

---

[1] However, the Tenth Circuit has already ordered that the appeal is abated pending my ruling on the motion for reconsideration, so I will not address this argument. (*See* Doc. 125.)

In their motion for reconsideration, Plaintiffs blend the second and third requirements for a showing of malicious prosecution. That is, Plaintiffs appear to argue that, due to exculpatory evidence, there was no probable cause to support their arrest, confinement, and prosecution and, therefore, the criminal cases against them terminated in their favor. Plaintiffs' focus on whether probable cause existed strays from the grounds for Defendants' motion for summary judgment and upon which I granted summary judgment. Plaintiffs' citation to *Giglio* is not dispositive in this case because the *Giglio* Court granted a new trial where the government failed to disclose a promise to a key witness that he would not be prosecuted if he agreed to testify against the petitioner. 405 U.S. at 154-55. Plaintiffs here focus on whether the reliability of Young as a witness would "in any reasonable likelihood have affected the judgment of the jury." 405 U.S. at 154 (quotation omitted). In this case, there was no jury. Plaintiffs each pleaded guilty to prostitution.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not [competent].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

While *Tollett* is a habeas case, the concept of a guilty plea precluding a cause of action such as malicious prosecution applies equally in the present case. The Seventh Circuit determined that where a conviction is vacated based upon an unopposed motion to vacate, the defendant may not later bring a malicious prosecution claim. *Bontkowski v. United States*, 28 F.3d 36, 37-38 (7th Cir. 1994). The court noted that "the vacating of his conviction was not based on any defect in the facts on which his conviction was based. Rather, the government . . .

chose not to contest his motion to vacate." *Id.* at 37. The court determined that the former defendant "may not on one day admit that [s]he did the things [s]he is charged with, and then on a later date claim that it was malicious to charge [her] with doing the things [s]he admitted [s]he did." *Id.* at 37-38. An exception to this approach includes situations in which a guilty plea is "coerced through unfair means." *P.J. ex rel. Jensen v. Utah*, No. 2:05CV00739 PGC, 2006 WL 1702585, at *11 (D. Utah June 16, 2006) (unpublished).

Plaintiffs' citation to *Dobiecki*, in which the court found that dismissal of the criminal case on the basis of failure to give *Miranda* warnings and the subsequent suppression of a confession obtained without such warning was not a favorable termination, is distinguishable from the instant case, as Plaintiffs in this case entered guilty pleas. 829 F. Supp. at 236. Further, whether Plaintiffs cases were vacated on merely "technical" grounds or more substantive grounds dealing with "the evidence's trustworthiness" is an unnecessary inquiry where the Plaintiffs entered such pleas.

The idea that exculpatory evidence may negate a finding of probable cause[2] does not void the fact that Plaintiffs entered guilty pleas in their respective criminal cases. The circumstances under which their guilty pleas were set aside and their judgments and sentences overturned point at best to a neutral outcome as to the terminations. *See Union Oil of Cal. Amsco Div. v. Watson*, 468 So. 2d 349, 355 (Fla. Dist. Ct. App. 1985) ("[T]he voluntary dismissal of the [charge] is neutral as to favorable termination, which is still fatal to the malicious prosecution claim.").

---

[2] In the Order, I did not reach whether probable cause supported the original arrest of Plaintiffs. In a criminal case, probable cause does not require proof that something is more likely true than false. "It requires only a 'fair probability,' a standard understood to mean something more than a 'bare suspicion' but less than a preponderance of the evidence . . . ." *United States v. Denson*, 775 F.3d 1214, 1217 (10th Cir. 2014) (quotation omitted). Thus, a witness's testimony at a preliminary hearing "need not be convincing or credible beyond a reasonable doubt, and cross-examination which would surely impeach a witness at trial would not preclude a finding of probable cause at the preliminary stage." *California v. Green*, 399 U.S. 149, 195 n.7 (1970).

There is also no indication that Plaintiffs' guilty pleas were coerced. That the state court judge was "fully advised in the premises" of the petition for relief from judgment does not ensure that the judge incorporated all of the reasoning in the petition as the basis for her decision to grant the stipulated order.

Accordingly, I do not conclude that I misapprehended the law or the facts in addressing Defendants' motion for summary judgment as to Plaintiffs' malicious prosecution claims. Because Plaintiffs pleaded guilty to prostitution, they may not now, upon the stipulated vacating of their judgments and sentences, bring claims for malicious prosecution. Plaintiffs have failed to meet their burden of showing their innocence of the crimes charged. Further, the disputes of fact noted by Plaintiffs (*see* Doc. 37 at 8-10) are not material to the disposition of this case because the resolution of such facts would not impact whether Plaintiffs have shown their innocence and that they received a favorable termination in their criminal cases. As such, I hereby deny Plaintiffs' motion for reconsideration.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.