IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

M.G., L.J., F.C., and M.C.,

    Plaintiffs,

vs.                                                  Civ. No. 13-23 KG/WPL

DAVID C. YOUNG,
ROBERT T. SMITH,
JOSEPH R. HUDSON,
MICHAEL CALLAWAY,
RAYMOND D. SCHULTZ,
in their individual capacities, and
THE CITY OF ALBUQUERQUE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiffs' Second Motion for Reconsideration and Consolidated Memorandum in Support (Second Motion for Reconsideration), filed May 28, 2015. (Doc. 118). Defendants filed a response on June 15, 2015, and Plaintiffs filed a reply on June 29, 2015. (Docs. 122 and 126). Having reviewed the Second Motion for Reconsideration and the accompanying briefs, the Court denies the Second Motion for Reconsideration.

*A. Background*

On March 25, 2015, the parties consented to proceed before a United States Magistrate Judge for rulings on six dispositive motions. On May 11, 2015, the Magistrate Judge dismissed with prejudice Counts I through XXII of the first amended complaint, leaving just Count XXIII, a claim for injunctive relief. (Doc. 113). On May 13, 2015, this Court *sua sponte* dismissed Count XXIII with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Docs. 114 and 115). The Court explained that a request for injunctive

relief is not an independent substantive cause of action and that without a viable underlying cause of action to support the claim for injunctive relief, it was appropriate to dismiss the claim for injunctive relief. (Doc. 114).

On May 28, 2015, Plaintiffs moved under Fed. R. Civ. P. 60(b) for the Magistrate Judge to reconsider his dismissal of Counts I through XXII, and for this Court to reconsider its dismissal of Count XXIII. (Docs. 117 and 118). On July 29, 2015, the Magistrate Judge denied Plaintiffs' motion for reconsideration. (Doc. 128). The Court subsequently construed the Magistrate Judge's decision as proposed findings and a recommended disposition (PFRD), and adopted the PFRD. (Doc. 130).

*B. Discussion*

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Hatfield v. Board of County Com'rs for Converse County,* 52 F.3d 858 (10th Cir.1995). Instead, a party seeking relief from an adverse judgment may pursue either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). Which rule applies to a motion depends essentially on the time a motion is served. Motions served within twenty-eight days after judgment ordinarily fall under Rule 59(e). *See Dalton v. First Interstate Bank of Denver,* 863 F.2d 702, 703–04 (10th Cir.1988) (addressing former Rule 59(e)'s 10-day period). In this case, Plaintiffs filed their Second Motion for Reconsideration within that 28-day period, so the Court construes that motion as having been filed pursuant to Rule 59(e).

Proper grounds for granting a Rule 59(e) motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear

error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).  Here, Plaintiffs do not argue that the law has changed or that there is new evidence.  As such, the Court can only grant Plaintiffs' Second Motion for Reconsideration if there is a need to correct clear error or to prevent manifest injustice.

Because the Court adopted the Magistrate Judge's order denying Plaintiffs' first motion for reconsideration of his dismissals of the underlying claims, the Court's rationale for dismissing Count XXIII remains the same.  In fact, Plaintiffs do not contest the Court's rationale for dismissing Count XXIII.  Plaintiffs appear to contend that the Magistrate Judge should grant the first motion for reconsideration, thereby, providing an underlying cause of action to support a claim for injunctive relief.  Unfortunately for Plaintiffs, the Court adopted the Magistrate Judge's order denying the motion for reconsideration.  Under these circumstances, the Court finds that Plaintiffs have not shown that there is a need to correct clear error or to prevent manifest injustice with respect to the Court's dismissal of Count XXIII.  The Court, therefore, concludes that Plaintiffs have not satisfied the Rule 59(e) standard for reconsideration.  Accordingly, the Court denies the Second Motion for Reconsideration.

IT IS ORDERED that Plaintiffs' Second Motion for Reconsideration and Consolidated Memorandum in Support (Doc. 118) is denied.

_____
UNITED STATES DISTRICT JUDGE